UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-00459-S-DLM |
| | ) | Honorable William E. Smith |
| v. | ) | Referred to: Honorable David L. Martin |
| | ) | |
| WILLIAM E. BOUTWELL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES' MOTION FOR ADDITIONAL TIME TO SERVE SUMMONS AND COMPLAINT**

The United States submits this memorandum of law in support of its Ex Parte Motion for Additional Time to Serve Summons and Complaint. The full factual background to the United States' motion is set forth the affidavits of James E. Brown, Charles J. Wyant, and Paul Schmieder, which are being filed contemporaneously herewith.

**ARGUMENT**

**I. The Defendant May Already Have Been Served**

As an initial matter, the United States notes that the defendant William E. Boutwell may have been served with process in this case before the expiration of the 120 day period in Fed. R. Civ. P. 4(m), which expires on April 11, 2008. As set forth the Affidavit of Paul Schmieder, on the afternoon of April 10, 2008, Mr. Schmieder left the summons and complaint with the defendant's 35 year old son at 244 Maplewold Road, Weare, New Hampshire, which may be a "dwelling house or usual place of abode" for the defendant. *See* Fed. R. Civ. P. 4(m). Mr. Schmieder even gave the defendant actual notice of this service by telephone. The only potential defect in such service, which would be purely one of form and not of substance, is whether 244

Maplewold Road is in fact a "dwelling house or usual place of abode" for the defendant. As set forth in Mr. Schmieder's declaration, there are indications that 244 Maplewold Road is Mr. Boutwell's residence.

Nonetheless, the United States moves for an additional 60 days in which to effect personal service on Mr. Boutwell, to resolve any remaining ambiguity regarding proper service.

## II. There Exists Good Cause for the Delay in the United States' Service

Fed. R. Civ. P. 4(m) provides in relevant as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. [. . .]

Thus, under Rule 4(m), the Court must extend the time for service if the plaintiff shows good cause for a delay in service, and the Court may in its discretion allow additional time for service even if the plaintiff does not show good cause.

The United States asserts that there is good cause for any failure to serve Mr. Boutwell within 120 days of the filing of its complaint. Although the undersigned trial attorney for the United States should have arranged for service of process on Mr. Boutwell before April 1, 2008, there are mitigating circumstances that caused this. *See* Affidavit of James E. Brown. Moreover, the undersigned diligently pursued service by the United States Marshals Service with a reasonable amount of time remaining under Rule 4(m). *Id.* Within the Rule 4(m) deadline, the U.S. Marshals attempted to personally serve Mr. Boutwell 6 times at Mr. Boutwell's address in New Hampshire, and 4 times at Mr. Boutwell's address in Rhode Island, at various times of day

between April 4 and April 11, 2008. *See* Affidavits of Charles J. Wyant and Paul Schmieder. As explained in those affidavits, personal service on Mr. Boutwell proved to be unusually difficult.

## III. Even if the Court Finds Good Cause Is Lacking, It Would Be Appropriate to Allow Additional Time to Serve

Even if the Court does not find good cause for the United States not personally serving Mr. Boutwell within the 120 day time period allowed by Rule 4(m), the Court should order an additional period of time for the United States to attempt to serve Mr. Boutwell, rather than dismiss the complaint without prejudice.

"Among the factors which courts have frequently considered relative to exercising discretion under Rule 4(m) [in the absence of good cause] are: 1) whether the statute of limitation would bar the refiling of the action; 2) whether the defendant had actual notice of the claims asserted in the complaint; 3) whether the defendant evaded service or concealed a defect in attempted service; and 4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Gonsalves v. Derderian*, Case no. 06-76L, 2007 U.S. Dist. LEXIS 7479 (D. R.I. 2007) (citations omitted). "'Prejudice has been defined in the context of service as "involv[ing] impairment of defendant's ability to defend on the merits, rather than foregoing a procedural or technical advantage.'" *Id.* (citations omitted).

In this case, several factors weigh in favor of a discretionary grant of additional time. First, the applicable statute of limitations, 26 U.S.C. § 6502, would bar re-filing of the United States' complaint in this action. Second, the defendant William Boutwell has received actual notice of the claims in the United States' complaint, both through service of the United States' suit filed in New Hampshire, and through actual notice of attempted service in this case. *See*

Affidavit of Paul Schmieder. Third, the defendant William Boutwell may be avoiding service. *See* Affidavits of Paul Schmieder and Charles J. Wyant. Fourth, there would be no prejudice on the merits to the defendant William Boutwell if this motion were granted. Fifth, even if there was not good cause for the United States not to have served Mr. Boutwell within 120 days as required by Rule 4(m), the United States made a considerable effort to do so.

Finally, one likely consequence of dismissal of the United States' complaint without prejudice would be a dispute over whether the Maplewold Road residence is a "dwelling house or usual place of abode" for Mr. Boutwell. It would be a better use of scarce resources to allow the United States time to cure any possible defects in service, rather than to litigate a substantively meaningless dispute over Mr. Boutwell's residence. *See TRW, Inc. v. Derbyshire*, 157 F.R.D. 59, 60 (D. Colo. 1994) ("The rules governing service of process are not designed to create an obstacle course for the plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction.").

For the foregoing reasons, the United States' Ex Parte Motion for Additional Time to Serve Summons and Complaint should be granted.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

*/s/ James E. Brown*
JAMES E. BROWN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307 6053
Facsimile: (202) 514 5238
James.E.Brown2@usdoj.gov