UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-00459-S-DLM |
| | ) | Honorable William E. Smith |
| v. | ) | Referred to: Honorable David L. Martin |
| | ) | |
| WILLIAM E. BOUTWELL, | ) | |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT OF JAMES E. BROWN**

I, James E. Brown, state as follows:

1. I am a trial attorney with the Tax Division of the United States Department of Justice, and I have been assigned primary responsibility for the representation of the United States in the above-captioned proceeding.

2. The Internal Revenue Service ("IRS") referred this matter to the Department of Justice to collect asserted federal internal revenue taxes payable by the defendant William E. Boutwell. The IRS had been unable to determine whether Mr. Boutwell resides in Weare, New Hampshire, or in Woonsocket, Rhode Island. According to information obtained by the IRS, Mr. Boutwell previously lived with his wife Carol Boutwell at a home in Weare, New Hampshire. Although Mr. Boutwell continued to use the address of this home as his mailing address, other sources indicated that Mr. and Mrs. Boutwell had separated and that Mr. Boutwell now resided at a condominium owned by him in Woonsocket, Rhode Island.

3. Given the uncertainty of Mr. Boutwell's residence, and proper venue for a collection suit against Mr. Boutwell, the United States filed suits to reduce federal tax

assessments to judgment against Mr. Boutwell both in this Court and in the United States District Court for the District of New Hampshire (D. N.H. Case no. 1:07-cv-00401).

4. The suits were filed on December 13, 2007, which was on or shortly before the date on which the period of limitations on collection of Mr. Boutwell's asserted tax liabilities would have expired. At the time I filed the suits, I intended to amend the United States' complaint in New Hampshire to add an additional count. In addition, I intended to serve the New Hampshire and Rhode Island cases simultaneously.

5. Because Fed. R. Civ. P. 15(a) permits a party to amend its pleading as of right before a responsive pleading is served, and because I intended to amend my complaint filed in New Hampshire and then serve both cases simultaneously, I did not immediately arrange for service of process on, or send out service waiver requests to, Mr. Boutwell.

6. Due to numerous deadlines and exigencies in other cases, I did not find time to amend the United States' complaint in the New Hampshire action. With the April 11, 2008 deadline under Fed. R. Civ. P. 4(m) for service of process on Mr. Boutwell approaching, I eventually abandoned the approach of amending my complaint in New Hampshire before serving Mr. Boutwell. However, arranging service of process on Mr. Boutwell was delayed due to other exigencies - I worked or was on business travel for a total of 136 hours between March 17 and March 31, 2008, and I was in the office or on business travel every day during that time frame.

7. On Tuesday, April 1, 2008, I requested the United States Marshals Service to serve Mr. Boutwell with a copy of the summons and complaint in this action, and in the New Hampshire case.

8. Although I intended for the New Hampshire process and the Rhode Island process to be served simultaneously, and I indicated to the Marshals that I believed that Mr. Boutwell could be found in Woonsocket, the Marshals Service for the District of Columbia (perhaps fortuitously, as things turned out) sent the Rhode Island process to Rhode Island, and the New Hampshire process to New Hampshire.

9. On the mornings of Friday, April 4, 2008, and Monday, April 7, 2008, Supervisory Deputy U.S. Marshal Charles J. Wyant, of the U.S. Marshals Service for the District of Rhode Island, attempted to serve Mr. Boutwell with the summons and complaint in this action at Mr. Boutwell's condominium in Woonsocket. *See* Affidavit of Charles J. Wyant.

10. On Saturday, April 5, 2008, Deputy U.S. Marshal Paul Schmieder, of the U.S. Marshals Service for the District of New Hampshire, personally served Mr. Boutwell with a summons and a copy of the complaint filed in New Hampshire, at Mr. Boutwell's address in Weare, New Hampshire. *See* Exhibit 1 (New Hampshire Process Return).

11. On Tuesday, April 8, 2008, after learning that service of process had been successful in New Hampshire, but that process in this case had not been served at the same time, I requested for the U.S. Marshals Service in Rhode Island to send the process in this case to the U.S. Marshals Service in New Hampshire, for service there. I also sent a copy of the process to New Hampshire via Federal Express.

12. On Wednesday, April 9, 2008, and Thursday, April 10, 2008, Deputy U.S. Marshal Schmieder attempted service (and may have completed service) at the Weare, New Hampshire address. *See* Affidavit of Paul Schmieder.

13. On the evening of Thursday, April 10, 2008, and the morning of Friday, April 11, 2008, Deputy U.S. Marshal Wyant again attempted service at Mr. Boutwell's condominium in Woonsocket, Rhode Island. *See* Affidavit of Charles J. Wyant.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of April, 2008, at Washington, DC.

JAMES E. BROWN